UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GYLE DEL RIO,<br><br>    Plaintiff,<br><br>    v.<br><br>LAPORTE COUNTY SHERIFF'S DEPT.,<br>et al.,<br><br>    Defendants. | CAUSE NO. 3:20-CV-784-JD-MGG |

OPINION AND ORDER

Gyle Del Rio, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Del Rio alleges that, upon his arrival at the Laporte County Jail in October 2019, he had a broken right hand, but Dr. Tchaptchet told him that X-rays revealed no new fracture. During the seven months that followed, Del Rio complained

of pain to correctional staff and medical staff. On May 6, 2020, an outside physician diagnosed him with a right hand fracture and told him that reconstructive surgery was necessary due to the delay in treatment. Del Rio asserts a claim against the defendants for this delay, but this is not the first time Del Rio has filed a lawsuit with these allegations. In *Del Rio v. LaPorte County Sheriff's Dept.*, 3:20-cv-383 (N.D. Ind., filed May 11, 2020), the court dismissed substantially similar claims for failure to exhaust administrative remedies. While this dismissal was without prejudice, the court has already determined that his efforts prior to the date on which he filed that case were inadequate to satisfy the exhaustion requirement. In the dismissal order for that case, the court found that Del Rio did not complete the grievance process with respect to his claims and that jail staff advising him to submit a medical request when he complained about his injury did not render the grievance process unavailable.

The complaint in this case strongly suggests that Del Rio has made no additional efforts to complete the grievance process with respect to his claims, which would render this case duplicative and frivolous. Specifically, he attests under penalty of perjury that he filed a grievance regarding his claims and attached a copy of his response from the final step of the grievance process, but the attached exhibits consist solely of medical requests from October 2019 through May 2020 and a medical record from June 2020. Consequently, to assess whether this case should be dismissed under 28 U.S.C. § 1915A, the court will order Del Rio to explain his efforts to complete the grievance process with respect to his claims since May 11, 2020.

For these reasons, the court:

(1) GRANTS Gyle Del Rio until February 26, 2021, to explain his efforts to complete the grievance process with respect to his claims since May 11, 2020; and

(2) CAUTIONS Gyle Del Rio that, if he does not respond by that deadline, this case will be dismissed without further notice.

SO ORDERED on February 2, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT