UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

GYLE DEL RIO,

    Plaintiff,

    v.

LaPORTE COUNTY SHERIFF'S DEPT.,
et al.,

    Defendants.

CAUSE NO. 3:20-CV-784-JD-MGG

OPINION AND ORDER

Gyle Del Rio, a prisoner without a lawyer, was ordered to show cause why his complaint should not be dismissed as duplicative of a previous lawsuit. ECF 6. He has now filed a response to that order.

In the previous case, Del Rio alleged that the LaPorte County Jail's medical staff offered inadequate medical treatment for his broken hand. *Del Rio v. LaPorte County Sheriff's Dept.*, 3:20-cv-383-RLM-MGG (N.D. Ind., filed May 11, 2020). The court granted summary judgment against Del Rio, finding that he could not pursue his claims because had not exhausted the jail's grievance process. *Id.*, ECF 32. Specifically, the court found that Del Rio talking to jail deputies about his complaints, and filling out a medical request, was not a valid substitute for the grievance process. *Id.*, ECF 32 at 2, 4.

Del Rio has now filed a second lawsuit with similar allegations. In this complaint, Del Rio indicated that he filed a grievance about the incident and that his response from the final step of the grievance process was attached to the complaint, but

no such exhibit was attached. *See* ECF 1. The court ordered Del Rio to explain what efforts he has made to complete the grievance process since the original complaint was filed, or the case would be dismissed as duplicative.

Del Rio now says that since the original complaint was filed, he has sent "interdepartmental mail correspondences" to the doctor and three jail administrators. He believes the jail's handbook indicates that he does not need to use the grievance process for a medical issue. He states that "the grievance process is being pursued currently." ECF 7 at 5.

It appears Del Rio is confused about the distinction between a medical request and a grievance. As the jail handbook indicates, an inmate can make a medical request without having to file a grievance. ECF 7 at 12. If he is unhappy with the jail's response to his medical request, he can then file a grievance. After the grievance process is completed, if he is still not satisfied, he can sue in federal court. <u>But he has to complete the available grievance process before filing a lawsuit</u>. This is true even if he has already made a medical request on the same topic, and even if he has already told the defendants about his complaints.

Del Rio says he is "currently" pursuing the grievance process. He does not say that the jail has tried to stop him from pursuing grievances. He indicates he filed a grievance at some point after January 1, 2021 (ECF 7 at 11), but this lawsuit was filed on September 17, 2020. "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment."

*Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Because Del Rio did not exhaust the grievance process before filing this complaint, the complaint must be dismissed.

    For these reasons, the court DISMISSES this case without prejudice.

    SO ORDERED on March 26, 2021

                                    /s/JON E. DEGUILIO
                                    CHIEF JUDGE
                                    UNITED STATES DISTRICT COURT